IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KATHLEEN A. MCGRANE,           )
                               )
        Plaintiff,             )
                               )
    vs.                        )    Case No. 2:14-CV-620-LSC
                               )
CAROLYN W. COLVIN,             )
Commissioner of Social Security, )
                               )
        Defendant.             )

**MEMORANDUM OF OPINION**

**I.   Introduction**

The plaintiff, Kathleen A. McGrane, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Ms. McGrane timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. McGrane was fifty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has two years of college education. (Tr. at 184.) Her past work experiences include employment as an underwriting clerk,

administrative clerk, admissions clerk, order clerk, caretaker, and daycare worker. (Tr. at 195.) Ms. McGrane claims that she became disabled on May 1, 2010, due to systemic scleroderma, pulmonary hypertension, asthma, mild narcolepsy, and sleep apnea. (Tr. at 138, 183.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding

of not disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  The decision depends on the medical evidence contained in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step.  *See id.* §§ 404.1520(e), 416.920(e).  The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work.  *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the plaintiff's

impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. McGrane was last insured on December 31, 2012, before the date of her decision. (Tr. at 30.) She further determined that Ms. McGrane has not engaged in SGA since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's "positive ANA, Raynaud's Phenomenon, peripheral neuropathy, esophageal reflux, irritable bowel syndrome, asthma, hypertension, hyperlipidemia, and supraventricular tachycardia" are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, she found that Plaintiff's sleep apnea, narcolepsy, parasomnias, restless leg syndrome, and attention deficit disorder did not significantly affect her ability to work and were non-severe. (Tr. at 31). The

4

ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 32.) The ALJ determined that Ms. McGrane has the following RFC:

> To perform sedentary work . . . except the claimant may occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs but may never climb ladders ropes or scaffolds. She must be allowed to alternate between sitting and standing while remaining on task. The claimant is able to frequently handle, finger, and feel bilaterally. She must work in an environment that is in proximity to an accessible bathroom, i.e., she must not have to traverse a large distance in order to reach a bathroom as might be the case with a parks worker, a groundskeeper, or a utility line worker. The claimant must avoid moderate exposure to extreme cold; concentrated exposure to extreme heat, humidity, fumes, odors, dusts, gases, and poor ventilation; and all exposure to hazards such as unprotected heights.

(*Id.*)

According to the ALJ, Ms. McGrane was able to perform her past relevant work as an administrative clerk, secretarial work, admissions clerk, and order clerk, because the restrictions in her RFC did not preclude this past work. (Tr. at 37.) She determined that Plaintiff was able to perform the physical and mental demands of the work as the work is actually and generally performed. (*Id.*) The ALJ reached this conclusion by consulting a Vocational Expert ("VE"), who testified that Plaintiff's past work as an underwriting clerk was a semi-skilled light position with an SVP of 4, that her work as an administrative clerk was a skilled sedentary job with an SVP of 6, and that her work as an admissions clerk and order clerk were

semi-skilled, sedentary jobs with SVPs of 4. (Tr. at 78-79). The VE thus testified that the hypothetical person with Plaintiff's RFC could not perform Plaintiff's work as an underwriting clerk, but could perform her work as an administrative clerk, admissions clerk, and order clerk. (Tr. at 80). The ALJ concluded her findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time from May 1, 2010, the alleged onset date, through December 31, 2012, the date last insured." (*Id.* (citation omitted)).

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210

(11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Ms. McGrane alleges that the ALJ's decision should be reversed and remanded for three reasons related to her RFC finding. First, she believes that the

ALJ was required to specify the fractions of hours that she could sit or stand and the failure to do so was reversible error. Second, Plaintiff contends that the ALJ failed to consider her obesity in the RFC finding. Third, Plaintiff believes that the ALJ should have relied upon a medical source opinion in formulating her RFC.

A.   Sit/Stand Option

Plaintiff contends that the ALJ erred by not specifying the specific minutes or hours in a day that she could sit or stand, and cites Social Security Rulings ("SSR") 96-9p and 83-12 in support of her argument. Plaintiff's argument lacks merit for several reasons. As an initial matter, the ALJ's ruling stated that Plaintiff could perform her previous work as an administrative clerk, admissions clerk, and order clerk. (Tr. at 37.) This is thus a past relevant work case: step four in the sequential evaluation. Therefore, this case was evaluated prior to reaching step five in the sequential evaluation where the ALJ would have to determine whether the plaintiff could adjust to other work. (Tr. at 37-38.) SSR 96-9p "explain[s] the Social Security Administration's policies regarding the impact of [an RFC] for less than a full range of sedentary work on an individual's ability *to do other work*." SSR 96-9p, 1996 WL 374185 at *1 (emphasis added). While Plaintiff is correct that SSR 96-8p requires a function-by-function analysis, the plaintiff is arguing for a ruling that

applies to the fifth and final step of the sequential evaluation, which is not used here. (Tr. at 30.)

Similarly, the plaintiff believes that SSR 83-12 requires specificity in terms of time allotted between sitting and standing. However, SSR 83-12 also is only applicable when the plaintiff cannot perform her past work. *See* SSR 83-12, 1983 WL 31253 at *1. Additionally, the Sixth Circuit, in *Wages v. Secretary of Health and Human Services*, held that where a person formerly held a job allowing a degree of choice between sitting and standing, and that person is still capable of performing that job, it is appropriate to find that individual not disabled. 755 F.2d 495, 498 (6th Cir. 1985.) Therefore, the ALJ correctly found that Plaintiff was not disabled despite the requirement for a sit/stand option.

Furthermore, even if these rulings applied in this case, the Eleventh Circuit has previously upheld undefined sit/stand options. *See Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005) (unpublished) ("Although the ALJ failed to specify the frequency that [the claimant] needed to change his sit/stand option, the reasonable implication of the ALJ's description was that the sit/stand option was at the [the claimant's] own volition."). The ALJ's statement that Plaintiff must be allowed to "alternate between sitting and standing while remaining on task" is sufficient. (Tr. at 32.) Indeed, the VE and Plaintiff's attorney reasonably

understood the Commissioner's proposed sit/stand limitation, since neither asked at the hearing for clarification in what the Commissioner meant by a sit/stand option. (Tr. at 80-81.)

In any event, Plaintiff did not demonstrate through medical evidence that she needed a sit/stand option other than at will. In fact, during the hearing, Plaintiff testified that she works on the computer two hours a day and crochets for one hour, indicating that she could sit for extended periods of time. (Tr. at 57-58). She also testified that she sat for at least 45 minutes after walking to the mailbox (tr. at 64), but later testified she had to get up, move, and adjust after only 20 minutes of sitting. (Tr. at 67-68).

Moreover, Plaintiff omits significant language in SSR 83-12 and SSR 96-9p, thereby altering the purpose of these rulings. The omitted language in SSR 83-13 reads, "[I]n cases of unusual limitation of the ability to sit or stand, a [vocational source] should be consulted to clarify the implications for the occupational base." *See* SSR 83-12, 1983 WL 31253 *4. There is similar language in SSR 96-9p, 1996 WL 374185 at *7. These rulings thus do not direct a finding of disability, and merely provide for consultation with a VE. The ALJ adhered to these rulings here by calling for the testimony of the VE, who testified concerning Plaintiff's exertion levels in her past relevant work. (Tr. at 78-81.)  The testimony of the VE

established that Plaintiff's past relevant work at the sedentary level accommodated Plaintiff's need to change between a seated and standing position and is substantial evidence in support of the ALJ's finding that Plaintiff was not disabled.

For these reasons, the Court is of the opinion that the Commissioner did not err in failing to specify the number of hours in which the plaintiff could sit or stand.

### B. Obesity

Plaintiff contends that the Commissioner failed to consider her obesity. Plaintiff states that she is 5'6" and weighs approximately 229 pounds, meaning that she has Body Mass Index ("BMI") of 37. She further states that her BMI is classified by the National Institute of Health as level II obese as defined in SSR 02-1p. Plaintiff notes that obesity can limit one's abilities and makes one's body work harder to rest and perform additional work. (*Id.*) Also, Plaintiff indicates that obesity can complicate and aggravate her diagnosed physical and mental conditions. (*Id.*)

Despite Plaintiff's arguments about what obesity can do to an individual's functioning, the ALJ must evaluate a case on the information contained in the record and cannot make assumptions about the severity or functional limitations linked with obesity. *See* SSR 02-1p, 2002 WL 628049. Indeed, Plaintiff bears the burden of proving that her limitations arise from her impairments. *See Moore v.*

*Barnhart*, 405 F.3d 1208, 1214 & n.6 ("[T]he mere existence of these impairments does not reveal the extent to which they limit her ability to work . . ."). Here, the ALJ expressly stated that Plaintiff was obese and took her obesity into consideration as required by SSR 02-1p. (Tr. at 36.) When taking Plaintiff's obesity into consideration, the ALJ found that Plaintiff's obesity did not further reduce her RFC and did not significantly worsen her limitations from her impairments. (*Id.*) The objective medical evidence supports this conclusion. The plaintiff's records suggest that despite her obesity and other impairments, Plaintiff is not further limited. (Tr. at 36.) In fact, Plaintiff's physical examinations and objective tests consisted of no more than mild to moderate findings and were often normal. (Tr. at 36, 262-63, 280, 301-02.) For example, a medical examination on June 16, 2011, revealed that the plaintiff had normal heart and lung sounds, a normal spine, and good joints, with only mild tightness in skin over the fingers and redness of the face. (Tr. at 262-63.) Also, the state agency non-examining physician, Dr. Heilpern, opined that the plaintiff could perform light work in Plaintiff's physical RFC assessment on November 7, 2011. (Tr. at 367-73.) Plaintiff has not provided any credible evidence to counter the evidence in the record. Thus, the plaintiff does not meet the burden of proof showing that her obesity either alone or in conjunction with other impairments further limits her ability to work. (Tr. at 36.)

**C. Reliance on Medical Source Opinion**

Plaintiff admits that there is no requirement for an ALJ to base the RFC finding on a specific medical source opinion, but nonetheless argues that the Commissioner needed to use a medical source opinion in this case in making the RFC finding. In making her decision, the ALJ *may* ask for and consider the opinion of a medical expert; however, the determination of a plaintiff's RFC is an issue reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1546. Indeed, the ALJ does not appropriate the opinion of one medical source, but rather weighs all relevant evidence found in the record when making her decision. *See* 20 C.F.R. §§ 404.1527(c), 404.1545; *see also Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014) ("Contrary to the district court's reasoning, the ALJ did not 'play doctor' in assessing Mr. Castle's RFC, but instead properly carried out his regulatory role as an adjudicator responsible for assessing Mr. Castle's RFC.").

In the present case, the ALJ gave some, but not great, weight to the opinion of Dr. Heilpern, the state agency non-examining physician. (Tr. at 37.) Dr. Heilpern opined that the plaintiff could perform light work with occasional postural limitations, frequent manipulative limitations, and environmental limitations. (*Id.*) The ALJ also gave some deference to Plaintiff's subjective complaints based on evidence of neuropathy with leg pain, shortness of breath, and palpitations,

ultimately finding that Plaintiff was limited to sedentary work with a sit/stand option and easy access to a restroom. (*Id.*) Therefore, the ALJ actually found the plaintiff limited to a lower exertional level of work than what was suggested by the state agency physician. Because the ALJ was not required to obtain a medical source statement and did in fact consider the opinion of Dr. Heilpern, Plaintiff's argument lacks merit.

### D. Assertions Made in Passing

In the conclusion to her brief, Plaintiff raises, but does not develop, several additional arguments. By failing to elaborate on or in some cases provide citation for these arguments, Plaintiff has waived them. *See N.R.L.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities are generally deemed to be waived."). In the event they are not waived, they are considered here.

First, Plaintiff states that her prior work history supports her credibility. However, the Eleventh Circuit has held that evidence of a prior good work history is insufficient to establish a claimant's credibility. *See Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991.) Second, Plaintiff appears to assert that she is more limited than the ALJ's determination due to Plaintiff's attention deficit disorder ("ADD") and sleep disturbance. (*Id.*) She cites no evidence to support this assertion. The

ALJ noted that Plaintiff testified to "being in a fog" and having difficulty understanding the ALJ's instructions. (Tr. at 31, 62.) However, in a function report submitted to the Social Security Administration, the plaintiff reported that she had to write down only detailed or important instructions, had no trouble following written instructions, and that she could pay attention for a long time. (Tr. at 31, 168.) The ALJ also noted that Plaintiff continued to engage in activities that required attention and awareness such as cooking and driving. (Tr. at 32.) The Court finds that none of Plaintiff's assertions warrant reversal or remand of this action.

**IV. Conclusion**

Upon review of the administrative record, and considering all of Ms. McGrane's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON AUGUST 13, 2015.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704